HARGRAVE (UNITED STATES v.). See Case No. 15,306.

H. A. RICHMOND. The (FITZGERALD v.). See Case No. 4,839.

HARKER (UNITED STATES v.). See Case No. 15,307.

---

## Case No. 6,065.

HARKEY v. TEXAS & P. RY. CO.

[1 Tex. Law J. 116.]

District Court, W. D. Texas. Dec. 1, 1877.

CARRIERS—INJURIES TO PASSENGER—RAILROAD PLATFORMS—DAMAGES.

[1. A railroad company is bound to the highest degree of care and skill in the construction of its platforms for the safety of passengers in getting on and off its trains. But it is only required to build platforms of sufficient dimensions to accommodate the passengers getting off or on at the particular station; and if the platform is safe, and constructed according to the opinions of persons skilled in such matters, the fact that it might have been made more convenient will not render the company liable for an accident. The laws require safety rather than convenience.]

[2. A passenger injured by the fault of a railroad company is entitled to reasonable actual damages, in determining which the jury may look to the medical and all other expenses resulting from the injury, the time lost by plaintiff, and the value of his services while disabled, and the nature and extent of his injuries.]

At law.

DUVAL, District Judge (charging jury). The plaintiff brought this suit in the district court of Kaufman county, on January 25, 1876, and it was subsequently transferred in accordance with law, and filed in this court on the 31st of October, 1876. Its object is to recover damages for personal injuries alleged to have been received by the plaintiff, while being conveyed as a passenger on the defendant's road between Mineola and the city of Dallas, on or about the 30th day of December, 1875. Plaintiff avers that the injuries of which he complains occurred at a depot on said road called "Terrel," at night, after the train had stopped for supper, and that they resulted from a failure on the part of said defendant to furnish a proper and safe platform for the ingress and egress of passengers at that point to and from the trains, and a want of proper lights to enable passen-

gers to see their way in and out of the same, together with their failure to stop said trains, all of which he charges were acts of negligence on the part of said company. Plaintiff further avers, on the occasion stated, the defendant, by its officers, deceived him by inducing him to believe that the train would stop at the passenger depot to take on passengers, thus causing him to wait at that point, until said train should move up to it, and when the same did so move, it failed to stop, and that plaintiff, seeing this, attempted to get on the same, which was then going at the rate of four or five miles an hour, and in this attempt received the injuries complained of.

The defendant denies all the allegations of the plaintiff, and by special answer avers, that on the occasion referred to, the train stopped at Terrel station about 8 o'clock, p. m., for the space of thirty minutes or more, to enable passengers to get their supper, when the ordinary usual time for this purpose was twenty minutes, and that after the expiration of thirty minutes or more, the train backed off of the main track upon the side track to allow the down train from Dallas to Marshall to pass; that before doing so, the train had remained at the platform where it first stopped more than ten minutes over the usual time, thus giving the passengers more than sufficient time to get supper and resume their seats, before backing out to the side track; that the plaintiff failed to avail himself of this opportunity, and that when the train returned to the main from the side track, it was moving quite rapidly when it reached the platform where the plaintiff was standing, and that while in such rapid motion he attempted to board the same, and thus received his injury. And so the defendant avers that such injury did not result from any negligence or want of care of the company or its officers, but solely and entirely from the negligent and reckless conduct of the plaintiff himself.

This is the case, substantially, as presented by the pleadings of the plaintiff and defendant, and it is for the jury to determine to what extent they are respectively supported by the evidence before them.

The defendant, in this case, is a corporation and public carrier, and I instruct the jury, that as such, it is bound to the highest degree of care and skill in the construction of its road and road-bed, including platforms for the convenience and safety of passengers in getting on and off its trains, also the like care and diligence in the selection of its employés, officers and agents in the management, maintenance and operation of its road and trains, and to employ prudent and skillful agents and officers who are bound to observe and faithfully carry out all laws, customs and instructions imposed upon them by the laws of the state, or by the company itself, for the protection, care and safety of the passengers who may be carried over its road.

If the jury believe from the evidence that on or about the 30th day of December, 1875, it was usual and customary for the west bound passenger train of the defendant, when it reached Terrel at its regular time, as prescribed by its time card, to wait on the main track of the defendant's railway, at or near the passenger platform for the space of twenty minutes, to enable passengers desiring to do so to get their supper, and that passengers (including the plaintiff in this suit) on the west bound train of that day were informed that twenty minutes would be allowed them for supper; and if you believe from the evidence, that on that day, the said west bound passenger train of the defendant did, in fact, remain twenty minutes or more on the main track at or near the passenger platform at said station before backing down to get on the side track, and after so remaining for said time on said main track, did then back down and go on the side track, and after the passage of defendant's east bound train for that day, did then back out and go forward, west on the main track, without stopping, and that the plaintiff having failed to return to and take his seat on the cars before the expiration of the twenty minutes above referred to, did attempt to get on the defendant's west bound passenger train when the same was going at a rate of speed rendering it imprudent and incautious on his part; and if you further believe, from the evidence, that the plaintiff's attempt to get on the cars, under the circumstances, produced, or contributed to produce the injury complained of, —you will find for the defendant.

If the jury believe, from the evidence, that at or about the time of the injury for which the plaintiff sues, it was usual and customary for the defendant's passenger train from the east, bound west, to stop on the main track of defendant's railway a sufficient time for all passengers who desired to do so to get supper, and then, after said passengers had taken supper, it was usual and customary for said train to back down off the main track, so as to allow the passenger train of the defendant from the west, bound east, to pass, and then, after said east train had passed, it was usual and customary for said west bound passenger train to back off the side track, and then go forward on the main track without stopping; and if you further believe, from the evidence, that the defendant's train, bound west, on the 30th day of December, 1875, did conform to what was then usual and customary, as above stated, and did stop on the main track, as above specified, a sufficient length of time for the plaintiff to get his supper; and if you further believe, from the evidence, that the conductor of the defendant's west bound passenger train on that day did not assure the plaintiff that the train would stop a second time on the main track after the east bound passenger train had passed; and if you further believe from the testimony, that the defendant was guilty of

no negligence or omission of duty on this occasion, and that while said west bound train was in motion, at such a rate of speed that an attempt to board it would have been rash and imprudent, and the plaintiff did then attempt to get on board, and in doing so received the injury for which he sues,—then you are instructed that such injury was from his own act, and you will find for the defendant. It is not enough for the plaintiff to show that the defendant was in fault, or was guilty of negligence. This the plaintiff must do to your satisfaction by competent evidence, before he can recover at all. But if you are satisfied, from the evidence before you, even if the defendant was guilty of negligence, that the plaintiff's careless, rash and imprudent conduct produced, or contributed to produce, his injury, then you will find for the defendant.

Under these circumstances you will find for the plaintiff or defendant. If for the plaintiff, you may consider what amount he ought to have, under all the evidence, as reasonable, actual damages, and in determining this, you may look to the amount paid for medical attention, and all other expenses incurred by the injury; to the time lost by plaintiff, and the value of his services while disabled from labor; the nature and extent of the injury received by him, and all the evidence before you on this subject.

The following additional charge was asked by counsel for defendant, which the court permitted to go to the jury:

The defendant was only required to build a platform of dimensions sufficient to accommodate the passengers getting off and on the cars at Terrel station. If the platform was safe, and constructed according to the opinion of persons skilled in such matters, the fact that one might have been constructed making it more convenient for persons to get on and off the cars will not make the company liable. Railroad companies, by law, are required, in building their structures, to look to the safety rather than convenience of passengers.